# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIANNA HUGHES )<br>  PLAINTIFF )<br> )<br>vs. )<br> )<br> )<br>ALLEGHENY COUNTY; ALLEGHENY )<br>COUNTY JAIL; ORLANDO HARPER, )<br>individually and in his capacity as )<br>Warden; CORIZON HEALTH; JOHN )<br>AND JANE DOE, individually and in )<br>their capacity as agents of Allegheny )<br>County; JOHN AND JANE DOE, )<br>individually and in their capacity as )<br>agents of Allegheny County Jail; & )<br>JOHN AND JANE DOE, individually and )<br>in their capacity as agents of Corizon )<br>Health, )<br>  DEFENDANTS ) | CIVIL ACTION NO. 15-1258<br><br>JURY TRIAL DEMANDED<br><br>ELECTRONICALLY FILED |

## AMENDED CIVIL COMPLAINT – FRCP 15(a)(1)(B)
### *JURY TRIAL DEMANDED*

AND NOW, comes here your Plaintiff, **BRIANNA HUGHES**, by and through her attorney, J. Lansing Hills, Esquire, and for this her "*Amended Civil Complaint – FRCP 15(a)(1)(B),*" states and sets forth the following:

1. Plaintiff resides in the City of Pittsburgh, County of Allegheny, Commonwealth of Pennsylvania.

2. Defendants reside as follows:

    a. Allegheny County, a governmental entity located in the City of Pittsburgh, County of Allegheny, Commonwealth of Pennsylvania. All its agents reside likewise for jurisdictional

purposes. Said entity is charged with, among other things, the operation of the prison within, and on behalf, of Allegheny County;

      **b.** Allegheny County Jail, a governmental edifice under the purview of Allegheny County, for jurisdictional purposes, resides in the City of Pittsburgh, County of Allegheny, Commonwealth of Pennsylvania. All its agents reside likewise for jurisdictional purposes, including named party, Warden thereof, Orlando Harper; and

      **c.** Corizon Health, a corporate entity, is physically located in the City of Harrisburg, Dauphin County, Commonwealth of Pennsylvania. However, jurisdiction is proper in the instant case due to the fact that Corizon health is engaged by Allegheny County to provide health care in the Allegheny County Jail; as such engages in business in Allegheny County – most germane hereto as a part of contractual relationship with Allegheny County/Allegheny County Jail to provide medical care to all inmates of Allegheny County Jail – and has significant contacts therewith; and thereby avails itself to the jurisdiction of this Court. All its agents are subject to the jurisdiction of this Court for the same reasons.

**3.** At all times material hereto, all Defendants, whether named, or yet to be named, were under the employ, or under contract with, and thereby acting in the course and scope of their employ with, Allegheny County/Allegheny County Jail.

**4.** Plaintiff, on or about 18 March, 2015, wrote and served upon all Defendants hereto a letter providing notice to said parties of her intent to bring the instant suit as per the requirements of 42 Pa.C.S. §5522.

**5.** Plaintiff, on or about 27 March, 2015 filed a "*Writ of Summons*" naming all Defendants hereto as such, and is thereby in compliance with any Statute of Limitations.

6. Defendants hereto have subsequently removed the instant case to Federal District Court in the Western District of Pennsylvania.

## COUNT 1 – PLAINTIFF V. ALLEGHENY COUNTY AND ITS AGENTS; ALLEGHENY COUNTY JAIL AND ITS AGENTS; AND WARDEN, ORLANDO HARPER

7. Plaintiff incorporates by reference herein the averments set forth in Paragraphs 1 through 6, above, as though same were more fully set forth here. Further, Plaintiff asserts that the instant count is proper pursuant to 42 Pa.C.S. §8522(b)(4).

8. On or about 29 September, 2014, Plaintiff slipped, fell, and was injured in the "Central Booking Area" of the Allegheny County Jail. Plaintiff slipped on liquid left to persist on the floor thereof after an inmate had used a mop bucket under the direction of prison personnel and as a part of prison protocol with regard to inmates conducting such services within the prison. Said liquid's presence represents negligence on the part of Defendant as follows:

    a. Failure to remove a dangerous condition;

    b. Failure to warn individuals of the wet floor and the slipperiness of the floor;

    c. Failure to clean water and/or bodily fluids from the floor;

    d. Failure to place a mat and or rug in central booking to prevent the floor from becoming wet and slippery; and/or

    e. Failure to guard inmates from the dangerous condition.

9. Plaintiff was in the custody and control of all, or some of, Defendants at the time she sustained said injury, and said injury occurred on Commonwealth Property for purposes of the instant suit.

10. Said injury was a direct and proximate causal result of a condition found in said premises which was known, should have been known, and was negligently allowed to persist, by some, or all, Defendants hereto.

11. As a direct and proximate result of Defendants' negligence and/or deliberate indifference to the safety of the premises, Plaintiff:

   a. has in the past, and may in the future, suffer severe physical pain, mental anguish, humiliation, disfigurement, inconvenience, and loss of life's pleasures; all to her great detriment and loss; and

   b. has in the past, and may in the future, require medicines, medical care, hospitalizations, treatment, and to expend various large sums of money for medical treatment and rehabilitation; all to her great detriment and loss.

   **WHEREFORE**, Plaintiff claims of Defendants jointly and severally a sum in excess of $50,000.00, plus interest, costs, and other damages deemed appropriate by this Court.

## COUNT 2 – PLAINTIFF V. CORIZON HEALTH AND ITS AGENTS

12. Plaintiff incorporates by reference herein the averments set forth in Paragraphs 1 through 11, above, as though same were more fully set forth here.

13. Pursuant to the above-described incident, Plaintiff sustained what was later discovered to be a broken ankle. However, Plaintiff was not examined by an actual treating physician until some ten (10) days later, and was rather only seen by a nurse. Beyond that negligent, and/or deliberately indifferent, behavior on the part of Corizon Health and its agents, same engaged in the following additional acts which reflect same negligence and/or deliberate indifference:

a. Failing to recognize Plaintiff's serious medical needs;

b. Failing to implement appropriate treatment and other definitive measure to minimize and/or eliminate the risk of harm posed by her medical condition;

c. Failing to order, recommend, or otherwise obtain appropriate medical evaluation of Plaintiff's medical condition;

d. Failing to timely and properly respond to Plaintiff's complaints of extreme pain and inability to ambulate;

e. Failing to order and/or obtain consultation with appropriate medical specialists in a timely and proper manner;

f. Failing to timely and properly diagnose Plaintiff's broken bone;

g. Failing to timely and properly transport Plaintiff to appropriate medical facility for treatment of her broken bone;

h. Failing to timely properly implement treatment for Plaintiff's broken bone;

i. Misdiagnosing Plaintiff's broken bone; and

j. Failing to oversee all persons practicing medicine on behalf of Corizon Health.

14. Instead, Plaintiff was left to suffer for initially several hours with no treatment whatsoever, and then for some ten (10) days with no actual treatment from a doctor, but was afforded a pair of crutches which she was later given only after hours of screaming in agony in her cell.

15. Despite her pleas that Corizon personnel order that same occur; Plaintiff's contention that she could feel that her ankle was broken; and the fact that her ankle, foot and toes had turned blackish blue, Plaintiff was never transported to a hospital for proper diagnosis, or even caused to undergo an X-ray in order to ascertain that her ankle was, in fact, broken, in order for proper treatment to occur. Instead, after approximately ten (10) days of personnel asserting to Plaintiff that "it was out of [their] hands[,]" and that she would have to wait nearly a week until the next "Female Clinic Day" and "that [they] were not equipped" to handle such an injury at the jail, Corizon personnel did, however, eventually instruct Plaintiff to consult with an orthopedic surgeon upon her eventual release – a tacit admission of their failure to adequately treat her injury properly.

16. As a result of the deliberate indifference of Corizon Health personnel, Plaintiff was treated with neglect and derision by prison personnel and, and forced to undertake painful measures to avoid sanction thereby including hopping around with a broken bone in her ankle, etc.

17. The carelessness, negligence, and/or deliberate indifference of Defendant, Corizon Health, was a substantial factor in bringing about the injury and damages which were, and continue to be, suffered by Plaintiff. Moreover, because the actual injury was not properly treated, Plaintiff's injury was exacerbated greatly, causing her to undergo treatment that would likely otherwise not be needed, and lose some portion of functionality in her ankle.

18. Corizon Health is vicariously liable for the actions of its agents, and/or is the proper subject of supervisory liability due to the fact that it is quite clear that the purposeful and pecuniarily-motivated practices of Corizon Health, and as ratified by the inaction of Allegheny

County and Allegheny County Jail, are myriad, manifest, injurious, and even deadly. Said reality is expounded upon in more detail within Paragraph Twenty-one (21) below, but it is confidently asserted that Corizon's past and continuing policy with regard to inmate care verifiably and objectively created a risk for inmates; one which the entirety Western Pennsylvania was made aware, let alone Defendants' agents; virtually no tangible steps were taken to prevent that demonstrable risk in the instant case; and that Plaintiff's injury was exacerbated by, and her excruciating pain was a direct result of, that manifest policy and custom.

19.     The actions, and failure to act, of Defendant, Corizon Health, constituted deliberate indifference to the rights and safety of Plaintiff, and a denial of rights pursuant to, and in violation of the Fifth, Eight, and Fourteenth Amendment to Constitution of the United States and 42 U.S.C. §1983. Even should this Court find that the above-described actions do not rise to the level of constitutional deprivation, same clearly indicate medical malpractice by the instant medical personel and also the, at very least, tacit endorsement of said pratices by Corizon Health.

**WHEREFORE**, Plaintiff claims of Defendants jointly and severally a sum in excess of $50,000.00, plus interest, costs, and other damages deemed appropriate by this Court.

### COUNT 3 – PLAINTIFF V. ALL DEFENDANTS

20.     Plaintiff incorporates by reference herein the averments set forth in Paragraphs 1 through 19, above, as though same were more fully set forth here.

21.     Defendants acting in concert, and under color of law, established, fostered, encouraged, and acquiesced on a policy, practice, and/or custom which directly and proximately caused the conduct of all Defendants' deliberate indifference to her manifest and serious medical needs, and thereafter abuse and humiliate Plaintiff including but not limited to the following:

  a. Failing to act in a manner as to avoid Plaintiff further pain associated with her injury, which occurred within the jail, and thereby causing her excruciating pain for long periods of time;

  b. Threatening Plaintiff with sanction for failing to stand for "count;"

  c. Securing Plaintiff to, and wheeling Plaintiff around on, a chair usually used for transporting psychologically-disturbed inmates often referred to by inmates as "the Hannibal Lecter Chair" despite the availability of regular wheelchairs;

  d. chastising Plaintiff for "whining" and "faking" her injury, and stating that Plaintiff was "full of shit;" and

  e. Failing to provide adequate accommodations to Plaintiff with regard to her injury, and thereby forcing Plaintiff to endure the indignity of being bathed and groomed by other inmates.

Same constitutes a deprivation of Plaintiff's civil rights under 42 U.S.C. §1983.

22. This underwritten fact or policy, practice, and/or custom of said Defendants was and is to encourage, rather than discourage, unconstitutional acts by Defendants' agents engaged at the Allegheny County Jail under their direct control and supervision. Plaintiff does not engage in a naked allegation in stating same, as the consistent and egregious failure of Corizon Health to provide adequate staffing and medical care to inmates at Allegheny County Jail, as well as the overt by inaction, and ostensibly budget-motivated, approval of Allegheny County and Allegheny County Jail of said failure, is well-documented;[1] has been openly-acknowledged by Allegheny

---

[1] Rich Lord, *Allegheny County Jail Health Provider Struggling, Emails Show*, PITTSBURGH POST GAZETTE, December 8, 2013, *available at* http://www.post-

County elected officials;[2] and has resulted in Allegheny County ending its contractual relationship with Corizon Health[3] during the pendency of the instant litigation and shortly after the eleventh (11th) death at Allegheny County jail during Corizon's tenure[4]. Moreover, Allegheny County's contract with Corizon Health is, by far, not the first or last such contract to be lost by Corizon Health amid allegations of inmate abuse, inmate deaths, and medical neglect,[5] a fact which was, or should have been known by Allegheny County/Allegheny County Jail. In short, Plaintiff's injury, and all Defendants' failure to adequately provide medical treatment is a result of a well-known and highly publicized pattern and custom of egregious behavior in

---

gazette.com/news/health/2013/12/09/Medical-firm-for-county-jail-struggles-with-medications-County-jail-health-care-provider-struggling-emails-show/stories/201312090068; Kaitlyn Riely, *Corizon Health Fielding Questions About Allegheny County Jail Prisoner Medications*, PITTSBURGH POST GAZETTE, April 2, 2014, *available at* http://www.post-gazette.com/local/city/2014/04/03/Corizon-Health-fielding-questions-about-Allegheny-County-Jail-prisoner-medications/stories/201404030310; Leah Samuel, *Jail Infirmary Workers Raise Alarm on Unsafe Staffing*, LABORNOTES, February 2, 2015, *available at* http://www.labornotes.org/2015/02/jail-infirmary-workers-raise-alarm-unsafe-staffing Aaron Aupperlee, *Inmate Care in Allegheny County Jail Generates Worries*, TRIBLIVE (PITTSBURGH), March 2, 2015, *available at* http://triblive.com/news/allegheny/7668418-74/corizon-jail-health#axzz3pD9xq8UV.

[2] Kris B. Mamula, *Auditor Slams Inmate Health Care Provided by Corizon at Allegheny County Jail*, PITTSBURGH BUSINESS TIMES, December 22, 2014, *available at* http://www.bizjournals.com/pittsburgh/news/2014/12/22/auditor-slams-inmate-health-care-provided-by.html; Greg Dober, *"Damning" Audit Sharply Criticizes Corizon in Allegheny County, Pennsylvania*, PRISON LEGAL NEWS, March 4, 2015, *available at* https://www.prisonlegalnews.org/news/2015/mar/4/damning-audit-sharply-criticizes-corizon-allegheny-county-pennsylvania/.

[3] Michael Hasch, *Allegheny County Cutting Ties with Corizon Health After Deaths of 2 Inmates at County Jail*, TRIBLIVE (PITTSBURGH), May 22, 2015, *available at* http://triblive.com/news/adminpage/8421408-74/leininger-scheduled-allegheny#axzz3pD9xq8UV.

[4] Aaron Aupperlee, *11 Inmate Deaths Mar Contract Talks, Says Allegheny County Jail's Former Medical Care Provider, Corizon Health*, TribLIVE (Pittsburgh), September 3, 2015, *available at* http://triblive.com/news/allegheny/9028606-74/jail-corizon-county#axzz3pD9xq8UV.

[5] *See, e.g.* Michael Winerip and Michael Schwirtz, *New York to End Contract with Rikers Health Care Provider*, NEW YORK TIMES, June 10, 2015, *available at*

response to which virtually no appreciable steps were taken by any party to mitigate. As a result, Plaintiff was subject to cruel and unusual punishment via inadequate medical care from those displaying deliberate indifference to her agony, potential grave medical risks, and also her subjection to intense pain, emotional trauma, degradation, etc..

23. All Defendants have cause and contributed to the violation of Plaintiff's constitutional rights as described herein, and are thereby liable for damages and losses sustained under the Fifth, Eight, and Fourteenth Amendment to Constitution of the United States and 42 U.S.C. §1983.

**WHEREFORE**, Plaintiff claims of Defendants jointly and severally a sum in excess of $50,000.00, plus interest, costs, and other damages deemed appropriate by this Court.

## COUNT 4 – PLAINTIFF V. ALL DEFENDANTS

24. Plaintiff incorporates by reference herein the averments set forth in Paragraphs 1 through 23, above, as though same were more fully set forth here.

25. Defendants' conduct, including, but not limited to, refusing to allow Plaintiff access to appropriate medical care and thereafter abuse and humiliation of Plaintiff was wanton, reckless, and outrageous.

26. As a result of Defendants' wanton, reckless, and outrageous conduct, Plaintiff has suffered injuries and losses described herein including physical pain, mental anguish and emotional upset, shock, humiliation, loss of earnings and earning capacity, and loss of life's pleasures. Thus, the instant case is one ripe for the application of punitive damages.

---

http://www.nytimes.com/2015/06/11/nyregion/report-details-failings-of-corizon-rikers-island-health-provider.html?_r=1

WHEREFORE, Plaintiff claims of Defendants jointly and severally a sum in excess of $50,000.00, plus interest, costs, and other damages deemed appropriate by this Court.

                                                  RESPECTFULLY SUBMITTED:

                                                  _____

                                                  J. Lansing Hills, Esq.
                                                  721 E. Brady St.
                                                  Butler, PA 16001
                                                  PH: (724) 791 0087
                                                  FAX: (412) 291 1811
                                                  lansing.hills@gmail.com
                                                  I.D.# 311726

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of this "*Amended Civil Complaint – FRCP 15(a)(1)(B)*" was served on this 21st day of October, 2015 was electronically filed. Parties may access this filing through Court's ECF/PACER system.

RESPECTFULLY SUBMITTED:

J. Lansing Hills, Esq.
721 E. Brady St.
Butler, PA 16001
PH: (724) 791 0087
FX: (412) 291 1811
ID # 311726